(19 Misc. Rep. 413.)

## NASSL v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Special Term, Montgomery County. February, 1897.)

LIFE INSURANCE—FRAUD IN APPLICATION.

A conspiracy between an agent and an insured to defraud a life insurance company is established when it is shown that at the time of the application the applicant was suffering from a serious disease, and that, after one application had been rejected, another was made, and a different physician, who was not so strict, was intentionally procured to make the examination, on which the application was accepted; and a verdict permitting a recovery on the policy, where such facts appear from the evidence, will be set aside.

Action by Frank Nassl against the Metropolitan Life Insurance Company on a policy of insurance. Verdict for plaintiff. Defendant moves to set aside the verdict, and grant a new trial. Granted.

John De Witt Peltz and Martin T. Nachtmann, for the motion.
H. V. Borst and Harvey Book, opposed.

STOVER, J. The motion for a new trial is based upon error in the consideration of the effect of the application. It would seem that a person able to read and write the English language ought

to be held to a contract signed by him, even when made with an insurance company; and, were the questions new, I should be inclined to hold that the circumstances in this case do not present a question for the jury, but one for the court, and I think the judge at the trial should have directed a verdict dismissing the complaint. Under the adjudications, however, it is difficult for a judge at trial term to determine to what extent the ordinary rules of construction of contracts have been modified in the case of applications for insurance. In this case the principal testimony to sustain the verdict is that of the mother of the deceased, who is not familiar with the English language, and had great difficulty in making herself understood upon the witness stand. It is, however, apparent that there had been a previous examination of the deceased, and he had been rejected by this company; that another application was then made, and an examining physician other than the one who made the first examination was called in. It also appears that this was done intentionally, and the witness stated that the doctor who made the second examination was not as strict as the one who made the first. This being so, and it being undisputed that, at the time the examination was made, the insured must have been suffering from a serious disease, it must be held a fraud upon the company, in which both the agent of the company and the insured participated. No discussion need be entered into to determine that such a fraud would destroy the application. A company may be bound by the acts of its agents, but it is not to be bound by a conspiracy in which its agents and the other contracting party are participants. This, together with the fact that the evidence is unsatisfactory, and not such as ought to prevail against the clear statements of the policy, I am constrained to hold that the verdict is against the weight of evidence, and a new trial must therefore be granted.

Motion granted.